UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No. | 2:25-cv-05173-MRA-JPRx | Date: September 4, 2025 |
| Title | United States Secretary of Housing and Urban Development v. Curry, et al. | |

Present: The Honorable: **Mónica Ramírez Almadani, United States District Judge**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):  Order To Show Cause Re:  Subject Matter Jurisdiction**

On December 17, 2024, Plaintiff filed a Verified Complaint for Unlawful Detainer against Defendants with the Los Angeles County Superior Court.  (ECF No. 1 at 7.)  On June 6, 2025, Defendant Idris Curry filed a Notice of Removal with this Court.  (*Id*. at 1, 31.)  Defendant alleges, among other things, that "the issue at hand is one of 'title and jurisdiction' and cannot be handled in unlawful detainer court."  (*Id*. at 1.)  On September 2, 2025, the parties filed a joint Rule 26(f) Report.  (ECF No. 12.)

The removing defendant bears the burden of establishing federal jurisdiction.  *Abrego Abrego v. Dow Chem. Co*., 443 F.3d 676, 682 (9th Cir. 2006).  Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and … the district court must remand if it lacks jurisdiction."  *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co*., 346 F.3d 1190, 1192 (9th Cir. 2003) (citation omitted).  "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.  Absent diversity of citizenship, federal-question jurisdiction is required."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (footnotes omitted).

Defendant does not explain why this action was removed to federal court.  Diversity jurisdiction is absent because the Department of Housing and Urban Development ("HUD") is not a citizen of any state for diversity purposes.  *See Hancock Fin. Corp. v. Fed. Sav. & Loan Ins. Corp*., 492 F.2d 1325, 1329 (9th Cir. 1974).  Thus, Defendant must establish jurisdiction based on a federal question.  But the face of the Complaint does not raise a question "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "[A]n action for eviction cannot be the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:25-cv-05173-MRA-JPRx                                                  Date: September 4, 2025

Title     United States Secretary of Housing and Urban Development v. Curry, et al.

basis for federal question jurisdiction." *Round Valley Indian Housing Authority v. Hunter*, 907 F. Supp. 1343, 1348 (N.D. Cal. 1995).  Moreover, the involvement of HUD in the unlawful detainer action does not necessarily mean a federal question is raised.  *See Buckelew Programs v. Van Zandt*, 2025 WL 1310743, at *1 (N.D. Cal. May 6, 2025) (unlawful detainer action involving lease through a HUD program did not convert state law unlawful detainer action into a federal case); *MHS-Rossmore, LLC v. Lopez*, 2008 WL 2397498, at *2 (C.D. Cal. June 5, 2008) (unlawful detainer action involving Section 8 agreement did not raise a federal claim); *Eden Housing Management, Inc. v. Muhammad*, 2007 WL 4219397, at *2 (N.D. Cal. Nov. 28, 2007) (unlawful detainer action arising from a rental contract involving HUD presented no federal question).

     The Court orders Defendant's counsel to show cause in writing no later than **September 11, 2025,** why this action should not be remanded to the Los Angeles County Superior Court.  The failure to respond to this order will be deemed as consent to remand.

     It is so ordered.

                                                                                                                          :

**Initials of Deputy Clerk**